1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PAUL WILLIAMS DRIGGERS,

Plaintiff,

v.

DANIEL ENGLISH *et al.* ,

Defendants.

Case No. C07-5519FDB

REPORT AND
RECOMMENDATION

**NOTED FOR:**
**November 23, 2007**

   This proposed action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4.  Plaintiff filed an incomplete motion to proceed *in forma pauperis* (Dkt # 1).  The clerk's office sent a deficiency letter to plaintiff informing him he had used the incorrect application.  The letter also informed Mr. Driggers that he needed to provide service copies and forms for service by mail by the United States Marshals Service.  Plaintiff was given until October 26, 2007, to cure the defects in his pleadings (Dkt. # 2).

   Plaintiff has not cured the defects and instead filed a "supplemental complaint" with exhibits (Dkt. # 3).  While the plaintiff discusses motions to proceed *in forma pauperis* in his document, he is

REPORT AND RECOMMENDATION- 1

referring to his attempts to gain *in forma pauperis* status in Idaho and not in this court (Dkt. # 3). Plaintiff has failed to cure the defects in his pleadings.

The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigence.  *See* 28 U.S.C. § 1915(a).  However, the court has broad discretion in denying an application to proceed in forma pauperis.  Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).  Plaintiff has not completed the proper forms.    Based on the above, the Court should deny plaintiff's application to proceed *in forma pauperis*.  Plaintiff has not shown that he is unable to pay the full filing fee to proceed with his lawsuit.  The court should direct Mr. Driggers to pay the filing within 30 days of the court's order and if he fails to pay the filing fee the clerk should be directed to dismiss this matter.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **November 23, 2007,** as noted in the caption.

DATED this 2 day of November, 2007.


/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION- 2